**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID J. NEWTON,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )     Case No. 06-CV-093-JHP-SAJ |
| | ) |
| **WALTER DINWIDDIE, Warden,** | ) |
| | ) |
|       **Respondent.** | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced on February 14, 2006, by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 12) to the petition, and Petitioner filed a reply (Dkt. # 14) to the response. After two aborted attempts to file an amended petition, Petitioner's third request to amend his petition was granted on January 25, 2007 (Dkt. # 27). The amended petition (Dkt. # 30) was filed of record as of November 2, 2006. Respondent filed a response (Dkt. # 33) to the amended petition on February 23, 2007. Petitioner filed a reply (Dkt. # 34), a supplemental reply (Dkt. # 36), and a supplemental amended reply (Dkt. # 52). For the reasons discussed below, the Court finds the amended petition should be denied. Because the amended petition replaces and supersedes the original petition, the original petition should be declared moot.

Also pending before the Court, in addition to the amended petition, are Petitioner's motions for discovery and/or for expansion of record (Dkt. # 55), for leave to amend petition for writ of habeas corpus (Dkt. # 56), to strike motion for leave to amend (Dkt. # 60), for leave to amend or to amend the Petitioner's response to the Respondent's response (Dkt. # 63), and for judgment on the pleadings (Dkt. # 64). The Court shall begin by considering Petitioner's various pending motions.

2

**1.     Motion to strike (Dkt. # 60)**

On December 23, 2008, Petitioner filed a motion for leave to amend petition for writ of habeas corpus (Dkt. # 56). He sent a proposed amended petition along with his motion.[1] On January 14, 2009, Petitioner filed a motion to strike the motion for leave to amend and the amended petition (Dkt. # 60), stating that they were inadvertently and prematurely submitted for filing. The Court exercises its discretion to grant Petitioner's motion to strike. The motion for leave to amend petition (Dkt. # 56) shall be stricken from the record.

**2.     Motion for discovery and/or for expansion of record (Dkt. # 55)**

On September 12, 2008, Petitioner filed a motion for discovery and/or for expansion of record. As discussed below, the record before the Court is adequate for resolution of the issues raised in Petitioner's amended petition. Therefore, the Court, in its discretion, finds Petitioner's motion for discovery and/or for expansion of record shall be denied.

**3.     Motion "for leave to amend or to amend the Petitioner's response to the Respondent's response" (Dkt. # 63)**

On February 2, 2009, Petitioner filed a motion "for leave to amend or to amend the Petitioner's response to the Respondent's response" (Dkt. # 63). Although Petitioner states that "[j]ustice would best be served if this Honorable Court would allow the Petitioner to amend his petition or amend his reply to the Respondent's response to the Petitioner's amended petition for writ of habeas corpus," he provides no statement of fact or an explanation of any legal argument he intends to submit in any amended pleading. As the Court is unable to discern a factual or legal basis for Petitioner's request, the Court finds the motion shall be denied.

---

[1] The proposed amended petition was not filed of record pending a ruling on the motion to amend.

**4.     Motion for judgment on the pleadings**

On February 13, 2009, Petitioner filed a "motion for judgment on the pleadings" (Dkt. # 64). In light of the disposition of Petitioner's amended petition for writ of habeas corpus contained herein, the Court finds the motion for judgment on the pleadings has been rendered moot.

### *BACKGROUND*

Petitioner, David J. Newton, was charged with First Degree Rape, After Former Conviction of Two Felonies, in Tulsa County District Court, Case No. CF-2001-5568. The victim was fifteen (15) years old. She had known Petitioner most of her life because he is the biological father of her half-siblings. The rape took place during the afternoon of September 22, 2001, at the home of Petitioner's mother located in Tulsa County. After the trial court denied Petitioner's motion to suppress, he proceeded to jury trial.[2] Evidence presented at trial included the victim's testimony, Petitioner's admission that he had sexual intercourse with the victim, and evidence demonstrating that DNA found on the victim's left breast and on her underwear matched Petitioner's DNA. The jury found Petitioner guilty as charged and the trial court sentenced him, in accordance with the jury's recommendation, to 400 years imprisonment. At trial, Petitioner was represented by Marna Franklin, an attorney with the Tulsa County Public Defender's Office.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Stephen J. Greubel, also with the Tulsa County Public Defender's Office. Petitioner raised the following claims on direct appeal:

---

[2] This was Petitioner's second jury trial on the charge of First Degree Rape filed in Case No. CF-2001-5568. See Dkt. # 12, Exs. 1, 3, and 5. Petitioner was originally tried and convicted by a jury and sentenced to 458 years imprisonment. On direct appeal, the judgment of conviction was reversed, based on a meritorious claim of ineffective assistance of counsel, and the matter was remanded for a new trial. See id.

> Proposition No. 1: The District Court erred in failing to sustain Appellant Newton's motion to quash DNA evidence seized from his person in violation of his Fourth and Fourteenth Amendment rights.
>
> Proposition No. 2: The District Court erred in failing to sustain Appellant Newton's motion to suppress statements obtained from Appellant Newton in violation of his Fifth and Fourteenth Amendment rights.

(Dkt. # 12, Ex. 1). On June 1, 2005, the OCCA affirmed Petitioner's convictions in an unpublished summary opinion (Dkt. # 12, Ex. 3).

Petitioner filed a *pro se* application for post-conviction relief in the state district court. See Dkt. # 12, Ex. 4. He identified the following propositions of error:

> Proposition No. 1: Ineffective assistance of trial counsel for failure to investigate prosecution's case and to conduct legal research relating to search and seizure.
>
> Proposition No. 2: Ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel claim as described in proposition No. 1.

(Id.). The state district court denied post-conviction relief, and the OCCA affirmed the denial by Order dated November 21, 2005 (Dkt. # 12, Ex. 5).

Petitioner commenced the instant habeas corpus action on February 14, 2006 (Dkt. # 1). In his amended petition (Dkt. # 30), Petitioner raises the following two (2) grounds of error:

> Ground One: Appellate counsel failed to use direct controlling cases and to competently raise my Fourth Amendment claims and to file Trial Counsel's ineffective assistance claim.
>
> Ground Two: Trial counsel failed to competently litigate my Fourth Amendment issues before the Trial Court and failed to use direct controlling cases to support the issue.

(Dkt. # 30). In response to the amended petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief because the issues raised by Petitioner are either procedurally barred or

without merit (Dkt. # 33). Petitioner has filed a reply, a supplemental reply, and a supplemental amended reply (Dkt. #s 34, 36, 52).

*ANALYSIS*

**A. Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, and the Court agrees, that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Ineffective assistance of appellate counsel**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claim of ineffective assistance of appellate counsel on post-conviction appeal. Therefore, that claim shall be reviewed pursuant to § 2254(d).

Petitioner alleges that appellate counsel provided ineffective assistance in failing to "use direct controlling cases and to competently raise my Fourth Amendment claims" and in failing to raise a claim of ineffective assistance of trial counsel. See Dkt. # 30. Specifically, Petitioner complains that appellate counsel failed to argue that the search warrant affiant "omitted the results of the alleged rape examinations, because the results didn't suggest that the alleged victim had been engaged in any type of sexual activity, . . . omitted that no DNA in the form of blood, saliva, or seminal fluids were recovered from the alleged victim's person nor her clothing prior to his request for my DNA, . . . [and] failed to make any references to the time he received his information from the alleged victim and the date and time the alleged victim claims that this alleged criminal act occurred." Id. As a result, Petitioner contends that the warrants were issued without probable cause. Petitioner also claims that his appellate counsel failed "to conduct his legal research competently" and "failed to bring to the OCCA's attention on my direct appeal United States v. Green, 175 F.3d 822, 828 (10th Cir. 1999), and Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)." See Dkt. # 30. Lastly, Petitioner claims that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for relying on outdated case law in the motion to suppress and at the motion hearing. See Dkt. # 30. Petitioner raised these claims of ineffective assistance of appellate counsel on post-conviction appeal. The OCCA rejected

the claims, however, citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984), and stating as follows:

> [t]he mere fact that appellate counsel fails to raise all non-frivolous issues is not sufficient to preclude enforcement of a procedural default, and is not sufficient to establish appellate counsel was ineffective. Twice, juries have found Petitioner guilty of the crime charged beyond a reasonable doubt, and they have indicated the strength of their belief in Petitioner's guilt by the sentences they have imposed. In this proceeding, Petitioner has not established that the outcome of his trial and appeal would have or should have been different, and he has not established factual innocence. Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2001-5568 should be, and is hereby, **AFFIRMED**.

(Dkt. # 12, Ex. 5 at 3).

Petitioner is not entitled to relief on his claim of ineffective assistance of appellate counsel unless he establishes that the OCCA's adjudication of the claim, as raised on post-conviction appeal, was an unreasonable application of federal law as determined by the United States Supreme Court. The applicable standard was established by the Supreme Court in <u>Strickland</u>, 466 U.S. at 687. The <u>Strickland</u> test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. <u>Id.</u> When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. <u>Id.</u>; <u>see also</u> <u>Parker v. Champion</u>, 148 F.3d 1219, 1221 (10th Cir.1998) (citing <u>United States v. Cook</u>, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. <u>Hawkins</u>, 185 F.3d at 1152; <u>see also</u> <u>Cook</u>, 45 F.3d at 394. The relevant questions for assessing Petitioner's claim of ineffective assistance of appellate counsel are

8

whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claim on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claim, Petitioner "would have prevailed on his appeal." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). "Where [counsel's] failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

Upon review of the record in this case, the Court finds Petitioner has failed to establish that the OCCA's adjudication of the claim of ineffective assistance of appellate counsel was an unreasonable application of Strickland. Petitioner challenges the sufficiency of two (2) affidavits, see Dkt. # 13, O.R. Vol. I at 15, 17, both prepared by Detective Haywood of the Tulsa Police Department. The first affidavit supported the collection of DNA evidence to be obtained by buccal swabs of Petitioner's mouth. That affidavit stated, in pertinent part, that:

> there is probable cause for the issuance of a search warrant because, the victim (age 14) disclosed to your affiant that the defendant did lick and kiss her neck, stomach, breasts and vaginal area with his mouth and tongue. The defendant did also insert his penis into the victim's vagina against her will and without her permission. That these offenses occurred within the city and county of Tulsa, Oklahoma.

Dkt. # 13, O.R. Vol. I at 15. The second affidavit supported collection of evidence, specifically bedding, bed linen, and photographs of the crime scene, from the home of Petitioner's mother. The affidavit provided a detailed description of the property to be searched and further stated, in pertinent part, as follows:

> Affiant states that there is probable cause for the issuance of a search warrant because, the victim (age 14) disclosed to your affiant that the listed defendant, her half-sister's father, (age 30) had sexual intercourse with her against her will and without her permission.

Dkt. # 13, O.R. Vol. I at 17.

First, Petitioner claims that appellate counsel failed to raise Fourth Amendment challenges based on omissions made by Detective Haywood in his affidavit supporting issuance of the search warrants. The record demonstrates, however, that appellate counsel did cite to trial testimony, see Dkt. # 12, Ex. 1 at 10-11, and did argue in his brief on appeal, see Dkt. # 12, Ex. 1 at 12-17, the specific issues Petitioner believes he failed to raise. The OCCA considered and rejected the claim, finding that "[t]he information supplied to the magistrate was sufficient to establish both probable cause to believe that Appellant had committed the crime of rape, and probable cause to believe his DNA sample would be probative of the investigation of that crime." See Dkt. # 12, Ex. 3. The fact that the OCCA denied relief on the Fourth Amendment claims does not lead to the conclusion that appellate counsel provided ineffective assistance. The Court finds that Petitioner's appellate counsel did not perform deficiently, as alleged by Petitioner. Strickland, 466 U.S. at 687-91.

Next, Petitioner complains that appellate counsel performed deficiently in failing to conduct legal research necessary to bring certain cases to the OCCA's attention. Petitioner cites United States v. Green, 175 F.3d 822, 828 (10th Cir. 1999), and Franks v. Delaware, 438 U.S. 154 (1978), and argues that appellate counsel performed deficiently in failing to cite those cases. In Franks, the Supreme Court held that a criminal defendant may challenge a facially sufficient affidavit for a search warrant on the ground that the police knowingly, intentionally or recklessly included false information. Franks, 438 U.S. at 155-56. In Green, the Tenth Circuit extended the holding of Franks to "material omissions." See Green, 175 F.3d at 822 (citing United States v. Kennedy, 131 F.3d

10

1371, 1375 (10th Cir.1997); Stewart v. Donges, 915 F.2d 572, 582 (10th Cir.1990)). Those cases stand for the proposition that it is a violation of a person's Fourth and Fourteenth Amendment rights to knowingly or recklessly omit from an arrest affidavit information which, if included, would undermine a finding of probable cause. In other words, if an affidavit is challenged based on a "material omission," the affidavit is examined to determine whether the affidavit would still give rise to probable cause for issuance of the warrant if the omitted information had been included. Stewart, 915 F.2d at 583 n.13. As discussed above, Petitioner complains that the affidavits omitted "material" information concerning the results of the physical examination of the victim, collection of DNA evidence from the victim, and the date and time of the criminal act and of the victim's statement given to the affiant. Significantly, however, had the "material omissions" cited by Petitioner been included in the affidavit, probable cause supporting issuance of the warrants would not have been undermined. Therefore, the holdings of Green and Franks do not benefit Petitioner and even if appellate counsel performed deficiently in failing to cite those cases, Petitioner has failed to demonstrate that he suffered prejudice as a result. Strickland, 466 U.S. at 687-91.

Lastly, Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for relying on outdated case law in arguing her motion to suppress. See Dkt. # 30. He states that appellate counsel demonstrated knowledge of the claim as evidenced by the argument found at page 14 of his appellate brief, see Dkt. # 12, Ex. 1. Even if trial counsel performed deficiently in failing to cite the more recent case of Gregg v. State, 844 P.2d 867 (Okla. Crim. App. 1992) (applying the "totality of the circumstances" test, enunciated in Illinois v. Gates, 462 U.S. 213 (1983), to evaluate the sufficiency of an affidavit for a search

warrant), Petitioner has not demonstrated that he suffered prejudice as a result of trial counsel's deficient performance. As explained by the OCCA in Gregg,

> [u]nder the Gates standard, the task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a substantial basis for concluding that contraband or evidence of a crime will be found in a particular place. Gates, 462 U.S. at 238-39, 103 S.Ct. at 2332-33. A reviewing court need only ensure that the issuing authority had a substantial basis for concluding that probable cause existed.

Gregg, 844 P.2d at 874. Petitioner has failed to demonstrate a reasonable probability that but for counsel's allegedly deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-91. Detective Haywood's affidavits, see Dkt. # 13, O.R., Vol. I at 15, 17, provided a substantial basis for concluding that probable cause existed. Thus, there is no reasonable probability that had trial counsel relied on more recent cases, including Gregg, the motion to suppress would have been granted. Petitioner cannot satisfy the prejudice prong of the Strickland standard. Because the underlying claim of ineffective assistance of trial counsel lacks merit, appellate counsel did not perform deficiently in failing to raise it on appeal.

As a final note, the Court recognizes that in the section of his amended petition discussing ineffective assistance of appellate counsel, Petitioner also argues that he was "illegally arrested" at his mother's home "pursuant to the invalid search warrant for the 272 E. 52 Pl. N. Tulsa, Okla. residence." See Dkt. # 30 at 13. The Court has determined above, however, that Petitioner has failed to demonstrate that the outcome of his direct appeal would have been different had appellate counsel either cited different cases in support of the Fourth Amendment challenges to the validity of the search warrant or raised a claim of ineffective assistance of trial counsel. Therefore, the Court finds no basis for considering a claim of ineffective assistance of appellate counsel for failure to challenge the legality of Petitioner's arrest.

Having found that each of the claims underlying Petitioner's claim of ineffective assistance of appellate counsel lacks merit, the Court finds that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) on his claim of ineffective assistance of appellate counsel.

## C. Ineffective Assistance of trial counsel

As his second proposition of error, Petitioner complains that he received ineffective assistance of trial counsel. See Dkt. # 30. Specifically, he claims that trial counsel "should have brought to the trial court's attention direct controlling precedents and should have challenged my Fourth Amendment claims on different grounds." Id. He argues that trial counsel failed to bring the Franks and Green decisions, discussed above, to the trial court's attention. He also asserts that "had my trial counsel adequately conducted her legal research of the relevant facts and laws in this case, there is a reasonable probability that the outcome of my trial would have been different absent the excludable evidence." Id. This claim was first raised in Petitioner's application for post-conviction relief. On post-conviction appeal, the OCCA cited Okla. Stat. tit. 22, § 1086, and Fowler v. State, 896 P.2d 566, 569 (Okla. Crim. App. 1995), and imposed a procedural bar on this claim because it could have been but was not raised on direct appeal.

In response to the amended petition, see Dkt. # 33, Respondent asserts that the Court should respect the state courts' imposition of a procedural bar. In his replies, see Dkt. #s 36, 52, Petitioner argues that under Cannon v. Mullin, 383 F.3d 1152 (10th Cir. 2004), the procedural bar imposed by the state courts is not "adequate" to preclude habeas corpus review. The record reflects that Petitioner was represented at trial by attorney Marna Franklin. On direct appeal, Petitioner was represented by attorney Stephen Greubel. Although trial and appellate counsel were separate individuals, both attorneys worked for the Office of the Public Defender for Tulsa County. In

13

applying a procedural bar to this claim on post-conviction appeal, the OCCA specifically noted that "Petitioner was not represented by the same attorney at trial and on direct appeal." See Dkt. # 12, Ex. 5. Petitioner contests that finding, arguing that because his trial and appellate counsel worked in the same office, "appellate counsel's assessment of trial counsel's performance may be less than completely objective." Cannon, 383 F.3d at 1173.

In the instant case, however, the Court need not analyze the adequacy of the state courts' procedural bar, as discussed in Cannon. The Tenth Circuit has held on more than one occasion that in the interest of efficiency, a court "can avoid deciding procedural bar questions where claims can readily be dismissed on the merits." Brown v. Sirmons, 515 F.3d 1072, 1093 (10th Cir. 2008) (quoting Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir.2007)). In resolving Petitioner's claim of ineffective assistance of appellate counsel in Part B above, the Court determined that the underlying claim of ineffective assistance of trial counsel lacked merit. Therefore, even if Petitioner's claim of ineffective assistance of trial counsel is not procedurally barred, Petitioner is not entitled to habeas corpus relief because under Strickland, the claim lacks merit.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Petitioner's motion to strike the motion for leave to amend (Dkt. # 60) is **granted**. The **Court Clerk is directed to strike** Petitioner's motion for leave to amend petition for writ of habeas corpus (Dkt. # 56) from the docket.

2. Petitioner's motion for discovery and/or for expansion of the record (Dkt. # 55) is **denied**.

3. Petitioner's motion for leave to amend petition or to amend Petitioner's response to Respondent's response (Dkt. # 63) is **denied**.

4. Petitioner's motion for judgment on the pleadings (Dkt. # 64) is **declared moot**.

5. Petitioner's amended petition for writ of habeas corpus (Dkt. # 30) is **denied**. The original petition for writ of habeas corpus (Dkt. # 1) is **declared moot**.

6. A separate judgment shall be entered in this matter.

DATED THIS 17th day of April 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma